THE PEOPLE OF THE STATE OF NEW YORK ex rel. STEPHEN CANTONI, Appellant, *v.* JOHN W. MOORE, as Superintendent of the Bureau of Buildings for the Borough of Queens, City of New York, Respondent.

Second Department, June 27, 1917.

**Municipal corporations — application for building permit in city of New York — notice to applicant that plans must be amended — unauthorized rejection of amended plans — laches — mandamus — writ lies to compel superintendent of buildings to act upon plans filed — remedy by appeal where plans are rejected.**

Where the superintendent of buildings of a borough of the city of New York informed an applicant for a permit to construct a building that the plans submitted must be amended to conform to the municipal rules and regulations, and the owner, about six months thereafter, before rejection of his original plans and at the invitation of the superintendent, filed amended plans, the commissioner had no authority to reject the same upon the sole ground that the amendment was made too late.

There is no specific provision of law prescribing the time within which such applicant must strive to meet or remove the objections of the commissioner.

Said notice by the commissioner informing the applicant that he must make amendments did not amount to a final rejection of the application.

Where said commissioner rejected the amended application upon the sole

ground of laches, the applicant is entitled to a writ of mandamus requiring the commissioner to act upon the plans and the amendments thereto; but he is not entitled to a mandamus that the permit issue.

Moreover, a rejection of the plans by the commissioner would not entitle the applicant to the writ of mandamus, inasmuch as section 411 of the charter provides that the owner may appeal to the board of examiners.

The determination of said board cannot be reviewed by the courts unless it is wholly impracticable.

APPEAL by the relator, Stephen Cantoni, from an order of the Supreme Court, made at the Queens County Special Term and entered in the office of the clerk of the county of Queens on the 2d day of December, 1916, denying his application for a writ of mandamus.

*William H. Good,* for the appellant.

*William E. C. Mayer* [*Lamar Hardy,* Corporation Counsel, and *Terence Farley* with him on the brief], for the respondent.

JENKS, P. J.:

The owner of land and the superintendent of the bureau of buildings of a borough of New York city are at odds over the former's application for a permit for the construction of a building. The application was filed on March 18, 1915. The owner was denied a mandamus to the superintendent to issue the permit. On March 29, 1915, the superintendent wrote to the owner's architect that an examination of his drawings and application "show that corrections must be made in the form of amendment or subsequent statements in triplicate (both for construction and plumbing), typewritten and filed with original papers, as they do not conform to the Laws, Rules and Regulations, for the following reasons," etc. Thereafter, and on or about October 18, 1916, the owner submitted what purported to be an amendment for the purposes of overcoming and meeting the objections. The owner shows that two days thereafter the superintendent refused to issue a permit, stating " that the said plans were too old." And it appears that the respondent made this minute: " Corrections filed on Oct. 18, 1916, cannot be considered. Application has expired by limitation. New application should be made. J. D. 10/20/16." On October

20, 1916, the Special Term ordered that the superintendent show cause why a mandamus should not issue, and that order was served.   It was returnable on the 23d of that month. The hearing was adjourned, and in the period that intervened the original return day and the adjournment day, the respondent, without notice to the owner, made a re-examination of the plans on October twenty-fourth, and filed new objections that were never brought to the attention of the owner or of his architect until such doing was stated in the answering affidavits prepared upon the motion, and verified on November 6, 1916.   The respondent shows that " in conformity with the now existing law, as amended, and in order to clear up every possible question in relation to this application and plan and the proposed amendment thereto," he made a final disapproval on October twenty-fourth of that year.

We think that the record does not show that on March 29, 1915, the superintendent rejected as a finality the application and plans.   If not, then the relator, in answer to an invitation and before rejection, submitted what purported to be an amendment for the purpose of overcoming and meeting the objections.   We are not cited to any specific provisions of law that prescribe the time within which the applicant must strive to meet or to remove the objections, under the penalty of having, without notice, his application die or be thrown out for staleness.   It seems to us that the said act of October 20, 1916, should not be sustained upon the sole ground stated for it, and that such act under the circumstances, particularly as the superintendent had called for corrections, may be regarded as arbitrary and capricious.   We think, however, that the relator did not make out his right to a mandamus that the permit issue, but that he is entitled to a mandamus that the respondent act upon the plans as filed on March 18, 1915, and the amendment thereto filed in response to his notice of March 29, 1915.

Action of rejection would not entitle the relator to mandamus inasmuch as section 411 of the charter (Laws of 1901, chap. 466, as amd. by Laws of 1916, chap. 503) provides that the owner may appeal to the board of appeals.   (See Merrill Mandamus, § 53.)   The determination of that board cannot be reviewed by the courts unless it is " wholly imprac-

ticable." (*New York Fire Department* v. *Atlas Steamship Co.,* 106 N. Y. 566.)

The order is affirmed, without costs, and without prejudice to an application to the Special Term for a writ of mandamus as indicated in this opinion.

THOMAS, STAPLETON, PUTNAM and BLACKMAR, JJ., concurred.

Order affirmed, without costs, and without prejudice to an application to the Special Term for a writ of mandamus as indicated in opinion.